STRICKER (UNITED STATES v.). See Case No. 16,410.

STRICKLAND (CLARKE v.). See Case No. 2,864.

STRICKLAND (PIERCE v.). See Case No. 11,147.

## Case No. 13,534.

STRIDER v. KING et al.

[3 Cranch, C. C. 67.] [1]

Circuit Court, District of Columbia. 1826.

VENDOR AND PURCHASER—VENDOR'S LIEN—LEGAL ESTATE—SEPARATE SECURITY.

A purchaser of land, who had paid a large part of the purchase-money, and had only a right to call for the legal estate upon payment of the balance, sold it to the first vendor for a

[1] [Reported by Hon. William Cranch, Chief Judge.]

less price, and took his bonds with surety for the amount due. The land was afterwards sold by a trustee under a decree of this court upon a bill filed by the creditors of the first vendor showing a deficiency of personal assets: *Held*, that the first vendee, who had thus resold the land, had no lien upon it as against creditors, for the balance due to him upon such resale; because he never had the legal estate; and because he had taken a separate security.

[Disapproved in Johns v. Sewell, 33 Ind. 3.]

This was a bill in equity to charge the land, or rather the proceeds of the sale of the land, in the hands of a trustee who had sold it under a decree of this court on a bill filed by creditors of the late George King, to charge the real estate, for the deficiency of personal assets for the payment of his debts. Mr. George King sold the land to Mr. Strider, the complainant, who paid $3,600 out of $5,000, which was the whole price of the land, and would have had a right to call for the legal estate upon payment of the balance. Mr. Strider, not having obtained the legal estate, resold the land to Mr. King at a less price, and took his bonds with Mr. Boone as his surety, for the amount due upon this resale. Strider filed his bill against Charles King, the administrator, the heirs, and the creditors of George King, who had obtained the decree for the sale of the land to pay the debts of George King, claiming a lien on the land, and priority of payment out of the proceeds of the sale made by the trustee under the decree.

Mr. Marbury, for complainant.

C. Cox and R. P. Dunlop, for defendants.

CRANCH, Chief Judge. I think the complainant has no lien on the money in the hands of the trustee, because, 1. The complainant never had the legal estate; he had only a right to call for it upon payment of the balance of the purchase-money; and when he agreed to rescind that contract he lost that right. 2. Because he took a separate security, namely, the bond of Mr. Boone.

The other judges concurred.